GARDEN, JUDGE:
On January 8,1975, at about 5:15 p.m., the claimant, Lois Mullins, was driving south on State Route 10 near Harts Creek, Lincoln County, when she was involved in an accident with a northbound pickup truck owned and operated by Julius Dingus. She was operating a 1973 Vega automobile which was owned by her mother, the claimant Florence I. Stephy. She was en route from Napoleon, Ohio, to Harts, West Virginia where she intended to visit her mother-in-law. As a result of the collision, extensive damage resulted to the left front of the Stephy Vega and to the left rear side of the Dingus pickup. A repair estimate from Minton Chevrolet Co. of Logan, W.Va. was introduced by stipulation into evidence which reflected that the repairs to the Vega would cost $1,281.53. In addition, Lois Mullins claimed that she received injuries to her head and one of her legs as a result of striking these parts of her body against the interior of the car.
Lois Mullins testified that she was travelling south at a speed of about 30 miles per hour on State Route 10 which is a comparatively straight, slightly downhill, asphalt, two-lane road of some 18 to 20 feet in total width. While it was dusk and approaching darkness, it was not sufficiently dark for the use of her headlights. She testified that she observed the northbound Dingus pickup truck and that as *202 they neared each other, .. all of a sudden something took the wheel away from me. It was unknown force, and then I heard my back tire blow out as the wheel was taken away from me, and the next thing I knew, I was wrecked with Mr. Dingus’ vehicle.” As a result of losing control of the car, it went left of center and struck the left rear of the pickup truck.
After regaining her composure and after the investigating officer arrived at the accident scene, the claimant Mullins walked north on the road in her former lane of travel to determine what, if any, obstruction she had struck and caused her to lose control of her vehicle. She discovered, not a pothole, but an area in the paved portion of the road along the west side where the asphalt had completely disappeared, leaving a hole some 6 to 8 inches deep, about 15 feet in length and which extended from the edge of the road an average of 5 to 6 inches into the travelled portion of the southbound lane. She testified that while she had travelled over this road some eight months earlier that she had not seen this condition nor had she seen it immediately before the accident.
Donald Mullins, a Deputy Sheriff of Lincoln County, testified on behalf of the claimants. He first testified that he was not related to claimant Mullins nor had he ever met her prior to the evening of the accident. He also testified as to the existence of the defect in the highway and in fact had noted the same on his report as a contributing cause of the accident. He estimated, having not actually taken measurements, that it was 8 to 10 feet in length, 5 to 6 inches in depth and extended into the paved portion of the road, and further that it was 60 to 70 feet north of the impact site of the two involved vehicles.
Deputy Mullins also testified that he had been aware of the condition of the road and that it had been in existence for about 8 months prior to the accident. Photographs of the road taken in April of 1976 were stipulated into evidence and although the defective area had been patched and its former depth could not be observed, the length and width of the defective area was clearly discernible. The deputy further testified that Robert Vance was the supervisor of respondent’s operations in Lincoln County prior to and on the date of the accident, and that he, Mullins, had seen Vance travelling the subject area of the road during the period when the defect was in existence.
While we have consistently held that the Department of Highways is not an insurer of those using the highways in this *203 State and is only required to exercise ordinary care to maintain roads and highways in a reasonably safe condition, we believe that the facts in this case justify a departure from the general rule. The testimony clearly established that respondent’s supervisor in Lincoln County knew or should have known of the dangerous condition of this portion of State Route 10, and we believe that the failure of respondent to repair this condition constituted negligence which was the proximate cause of the accident. We further find no evidence of contributory negligence on the part of the claimant, Lois Mullins.
We therefore conclude that the claimant, Florence I. Stephy, is entitled to recover the cost of repairs to her 1973 Vega automobile in the amount of $1,281.53, and that the claimant, Lois Mullins, is entitled to an award of $300.00 to compensate her for her pain and suffering resulting from the accident.
Awards of: $1,281.53 to Florence I. Stephy
$300.00 to Lois Mullins.